THE AMERICAN CIVIL LIBERTIES     :
UNION OF FLORIDA, INC., *et al.*,     :

    :

      *Plaintiffs*,     :

    :

v.     :   Case No. 4:21-CV-190-AW-MJF

    :

FLORIDA ELECTIONS COMMISSION,     :

    :

      *Defendant*.     :

_____     :

## PLAINTIFFS' MOTION FOR ENTITLEMENT TO ATTORNEY'S FEES & LITIGATION COSTS

Pursuant to 42 U.S.C. §§ 1983 and 1988, Federal Rule of Civil Procedure 54(d), Local Rule 54.1, and this Court's Order Granting Summary Judgment and Permanent Injunction (ECF No. 73), Plaintiffs move the Court to award attorney's fees and related nontaxable costs ("litigation expenses") as the prevailing parties. For the reasons set forth more fully in the following memorandum, Plaintiffs respectfully request that this Court find that they are prevailing parties entitled to an award of attorneys' fees and litigation expenses against Defendant Florida Elections Commission (FEC).[1] The FEC opposes the relief requested.

---

[1]     Plaintiffs make this motion pursuant to Local Rule 54.1(A)'s bifurcated procedure, which requires "[a] party who seeks an award of attorney's fees" to "first move for a determination of the party's *entitlement* to a fee award" before moving for a determination of the *amount* of the award.

## MEMORANDUM IN SUPPORT

## I. Introduction

Plaintiffs are prevailing parties under 42 U.S.C. § 1988 because the Court, on June 15, 2022, granted Plaintiffs' Motion for Summary Judgment, issuing permanent injunctive and declaratory relief on the merits of their constitutional claims, which they brought pursuant to 42 U.S.C. § 1983 (ECF No. 73). The Court permanently enjoined the FEC from enforcing against Plaintiffs the provision of Fla. Stat. § 106.08(1)(a) limiting contributions to a political committee that is the sponsor of a constitutional amendment initiative. As such, Plaintiffs are prevailing parties and it is appropriate for the Court to award them their reasonable attorneys' fees and litigation expenses incurred in pursuit of that relief.

Obtaining such relief took great effort, including being forced to wade through thousands of pages of ultimately completely irrelevant discovery from the FEC, preparing witnesses and declarants for a preliminary injunction hearing, participating in the hearing, briefing a motion for summary judgment, tracking the legislative process's impact on this pending case, and briefing the amendment to the challenged statute.

As a result of Plaintiffs' efforts, the FEC may not enforce section 106.08(1)'s limit on contributions to a constitutional initiative sponsor, a limitation that both hampered organizations' ability to sponsor constitutional amendment initiatives and

violated Plaintiffs' First Amendment rights. As a result of Plaintiffs' efforts, individuals and organizations are reassured that they may exercise their First Amendment rights to expression and association by supporting Plaintiffs' constitutional amendment initiatives with in-kind and monetary contributions over the statutory limit.

Given this effort and these exceptional results, an award of attorney's fees and litigation expenses reasonably incurred in obtaining this relief is appropriate.

## II. Background

On May 7, 2021, Governor Ron DeSantis signed into law SB 1890, which amended section 106.08, Florida Statutes, to impose a $3,000 limit on the contributions a person or political committee may give to a committee sponsoring a state ballot initiative. Laws of Fla. ch. 2021-16, § 1 (amending Fla. Stat. § 106.08 (2020)).

Three political committees each sponsoring a citizen initiative and one of their supporters, the ACLU of Florida, filed this suit to challenge the law. Plaintiffs challenged section 106.08's contribution limit because it unduly burdened Plaintiffs' speech and associational rights under the First Amendment to the U.S. Constitution.

In their Complaint and subsequent amendments, Plaintiffs asserted their First Amendment rights to speak, associate, make political contributions, and act collectively with others to advance political ideas, advocate for proposed ballot

measures, and circulate initiative petitions (ECF Nos. 1, 9, 16, 53). Indeed, the challenged statute chilled Plaintiffs' First Amendment-protected expression and association, impeding Plaintiffs' planned efforts to circulate petitions and impairing Plaintiffs' ability to disseminate their ideas to improve Florida's democracy.

Plaintiffs demonstrated first that they had a substantial likelihood of success on these claims, and then that they were entitled to judgment as a matter of law. Doing so required the best efforts of counsel. Plaintiffs' attorneys drafted pleadings and other papers, prepared witnesses for the preliminary injunction hearing, and briefed a summary-judgment motion, including supplemental briefing. While the burdens of discovery were minimal for Plaintiffs, their counsel had to examine voluminous materials produced by the FEC. All of these efforts to prosecute their case to final resolution in their favor were matched by the vigorous opposing efforts of the FEC.

### III. Argument

**A. Plaintiffs are prevailing parties under Section 1988.**

Plaintiffs' success in obtaining permanent injunctive relief renders them "prevailing parties" within the meaning of Section 1988. Section 1988 entitles plaintiffs in Section 1983 actions to an award of attorney's fees "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). To

establish entitlement, one need only "point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989). "[A]n injunction or declaratory judgment, like a damages award, will usually satisfy that test." *Lefemine v. Wideman*, 568 U.S. 1, 4 (2012).

Under these established standards, Plaintiffs are indisputably prevailing parties. Plaintiffs requested a permanent injunction against the FEC, which is what the Court granted on June 15, 2022. As a result of the Court's Judgment, there has been a "material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Common Cause/Ga. v. Billups*, 554 F.3d 1340, 1356 (11th Cir. 2009) (quoting *Sole v. Wyner*, 551 U.S. 74, 74 (2007)). In particular, the FEC may no longer take action against Plaintiffs for seeking, making, and accepting contributions in excess of $3,000. Since Plaintiffs "succeed[ed]] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit," they are prevailing parties and eligible to recover attorney's fees under Section 1988. *Hensley*, 461 U.S. at 433 (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978)).

**B. As prevailing parties, Plaintiffs are entitled to attorneys' fees, costs, and expenses.**

As prevailing parties, Plaintiffs may recover "a reasonable attorney's fee." 28 U.S.C. § 1988(b). A prevailing party "should ordinarily recover an attorney's fee

unless special circumstances would render such an award unjust." *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968). "Moreover, because the special circumstances exception is a judicially imposed provision not found within the text of section 1988, the exception 'should be narrowly construed so as not to interfere with the congressional purpose in passing [section 1988].'" *Johnson v. Mortham*, 950 F. Supp. 1117, 1122 (N.D. Fla. 1996) (quoting *Martin v. Heckler*, 773 F.2d 1145, 1150 (11th Cir. 1985) (en banc), *disapproved of on other grounds*, *Tex. State Tchrs. Ass'n*, 489 U.S. 782). When Congress enacted Section 1988, it did so "to ensure 'effective access to the judicial process' for persons with civil rights grievances." *Hensley*, 461 U.S. at 429 (quoting H.R. Rep. No. 94-1558, at 1 (1976)).

Granting Plaintiffs reasonable attorney's fees and litigation expenses in this case would advance that purpose. As discussed above, this case involved significant effort and yielded exceptional results that will impact not just the individual Plaintiffs, but also assuages the broader public that they can exercise their constitutional rights to expression and association, too. This is exactly the type of case to address the deprivation of rights that Congress intended to incentivize and protect when it enacted Section 1988. The fact that Plaintiffs brought this suit to protect their right to raise unlimited campaign contributions is not a "special circumstance" that would weigh against a fee award. Forcing Plaintiffs to fund this litigation through the contributions that were chilled by the unconstitutional

contribution limit would yet again infringe Plaintiffs' constitutional rights to band together and pool their resources to campaign for the issues they care about.

In addition to reasonable attorney's fees, Plaintiffs are also entitled to recover other reasonable litigation expenses pursuant to Section 1988(b). The definition of reasonable litigation expenses is broad, and "must take into account the work not only of attorneys, but also of secretaries, messengers, librarians, janitors, and others whose labor contributes to the work product for which an attorney bills her client; and it must also take account of other expenses . . . ." *Missouri v. Jenkins ex rel. Agyei*, 491 U.S. 274, 285 (1989); *see also Evans v. Books-A-Million*, 762 F.3d 1288, 1299 (11th Cir. 2014) (collecting cases detailing types of reasonable litigation expenses); *NAACP v. City of Evergreen*, 812 F.2d 1332, 1337 (11th Cir. 1987) ("'[W]ith the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under section 1988' and 'the standard of reasonableness is to be given a liberal interpretation.'") (quoting *Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983)). Accordingly, Plaintiffs also respectfully request that the Court determine that they are also entitled to their reasonable costs incurred.

### IV. Conclusion

For the reasons discussed above, the Court should find that Plaintiffs are

prevailing parties entitled to an award of their reasonable attorneys' fees, including reasonable and related litigation expenses, and that those fees should be awarded against Defendant Florida Elections Commission. In accordance with Local Rule 54.1, should the Court grant this Motion, Plaintiffs will file a subsequent motion to determine the fee amount with all appropriate supporting material.

## LOCAL RULE 7.1(F) CERTIFICATE

This memorandum contains 1,415 words.

## LOCAL RULE 7.1(C) CERTIFICATE OF CONFERRAL

Counsel for Plaintiffs conferred with counsel for the Florida Elections Commission, which opposes the relief requested by this motion.

Respectfully submitted this 19th day of July, 2022,

*/s/ Nicholas Warren*

| | |
|---|---|
| Nicholas Warren (FBN 1019018) | Daniel B. Tilley (FBN 102882) |
| **ACLU Foundation of Florida, Inc.** | **ACLU Foundation of Florida, Inc.** |
| 336 East College Avenue, Suite 203 | 4343 West Flagler Street, Suite 400 |
| Tallahassee, FL 32301 | Miami, FL 33134 |
| (786) 363-1769 | (786) 363-2714 |
| nwarren@aclufl.org | dtilley@aclufl.org |

*Counsel for Plaintiffs*