IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**THE AMERICAN CIVIL LIBERTIES
UNION OF FLORIDA, INC., et al.,**

    Plaintiffs,

v.                                                                    Case No. 4:21-cv-190-AW-MJF

**CORD BYRD, in his official capacity as
FLORIDA SECRETARY OF STATE,
and the FLORIDA ELECTIONS
COMMISSION,**

    Defendants.

_____/

## **ORDER GRANTING IN PART MOTION TO AMEND JUDGMENT**

The court earlier granted summary judgment and enjoined the Florida Elections Commission from enforcing a provision of Florida law. *See* ECF No. 73. Plaintiffs now move to amend the judgment to reflect a renumbered statutory subdivision and to include a specific declaratory judgment. ECF No. 77. This order grants the motion as to the former but denies it as to the latter.

### I.

Plaintiffs sued to challenge a statutory provision that capped contributions "to a political committee that is the sponsor of or is in opposition to a constitutional amendment proposed by initiative." Fla. Stat. § 106.08(1)(a)1 (2021) (amended by H.B. 921, 27th Leg., 2d Reg. Sess. (Fla. 2022) (enacted at 2022 Fla. Sess. Law Serv. Ch. 2022-56)). Later, the Florida Legislature amended the law to exempt

1

contributions from Floridians. The amendment also renumbered § 106.08's clauses. *See* Fla. Stat. § 106.08(1)(a)2. The summary-judgment order—which came after the amendment's enactment, but before its effective date—addressed the amendment, concluding it would not cure the constitutional violation. ECF No. 73 at 16-17.

The judgment, which enjoined the FEC from enforcing the law against Plaintiffs, referenced the then-current statutory provision: § 106.08(1)(a)1. Because the same provision is now in subparagraph (1)(a)2, Plaintiffs seek an amended judgment to cite that subparagraph "or its parent paragraph section 106.08(1)(a) rather than any specific subparagraph within it." ECF No. 77 at 2. The Florida Elections Commission does not oppose this request. ECF No. 82 at 1 n.1.

The Plaintiffs' request is granted, and an amended judgment will issue. The change is reflected in this redline:

> The claims against the Secretary of State were dismissed for lack of jurisdiction. The remaining claims were resolved at summary judgment. The Florida Elections Commission and its agents are permanently enjoined from enforcing § 106.08(1)(a)**2**~~1~~ against Plaintiffs, to the extent that provision limits contributions to a political committee that is the sponsor of a constitutional amendment initiative.

## II.

Plaintiffs seek to further amend the judgment to include an explicit declaration regarding their rights. This request is denied.

Amending a judgment under Rule 59 is appropriate only for "newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d

2

1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)) (discussing Fed. R. Civ. P. 59(e)). Plaintiffs do not identify any legal error that would justify their requested amendment. Although they close by saying the requested amendment would "provide adequately clear notice to the parties," ECF No. 77 at 4, they never articulate any uncertainty they have about their rights. Indeed, they report earlier in their motion that they "are very familiar with the development of this case and the Court's conclusions of law." *Id*. at 4.

Plaintiffs then say they want the amendment "to assuage [their] supporters, supporters of other initiative campaigns, and other members of the law public"—people "who may not be intimately familiar with this case." *Id.* But that is not an appropriate use of a declaratory judgment. Although it is true that "the Declaratory Judgment Act and Rule 57 should be liberally construed to achieve the objectives of the declaratory remedy," *McDougald v. Jenson*, 786 F.2d 1465, 1481 (11th Cir. 1986), those objectives do not focus on nonparties, *see id.* (explaining that the purposes of declaratory relief "include affording one threatened with liability, but otherwise without a satisfactory remedy, an early adjudication of an actual controversy, and avoiding multiplicity of actions by affording an adequate and expedient means of declaring the rights and obligations of litigants in one action rather than several").

The court enjoined enforcement of the challenged provision. This remedies Plaintiffs' injury, and Plaintiffs have not shown that any further remedy was (or is) necessary or appropriate. With the permanent injunction already in place, the requested declaratory judgment would be superfluous at best. *Cf. Steffell v. Thompson*, 415 U.S. 452, 466 (1974) (explaining that a declaratory judgment is meant to be "an alternative to the strong medicine of the injunction").[1]

For these reasons, and in an exercise of my discretion, I decline the request to amend the judgment to add any declaratory language.

Plaintiffs' motion (ECF No. 77) is GRANTED in part. The clerk will issue an amended judgment stating:

> The claims against the Secretary of State were dismissed for lack of jurisdiction. The remaining claims were resolved at summary judgment. The Florida Elections Commission and its agents are permanently enjoined from enforcing § 106.08(1)(a)2 against Plaintiffs, to the extent that provision limits contributions to a political committee that is the sponsor of a constitutional amendment initiative.

SO ORDERED on August 4, 2022.

s/ *Allen Winsor*<br>
United States District Judge

---

[1] The existence of another remedy does not preclude declaratory relief. *See* Fed. R. Civ. P. 57. But here, the requested additional remedy is unnecessary.